NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES CORNELIS CHRIST TEWU, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 12-72955 <br><br> Agency No. A078-020-297 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Charles Cornelis Christ Tewu, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that Tewu failed to establish his experiences in Indonesia rose to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (record did not compel finding past persecution where petitioner was harassed as a youth, refused medical care, arrested, and beaten by a mob of rioters); *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (harm to associates was not 'closely tied' to petitioner). Substantial evidence also supports the agency's denial of relief where Tewu failed to establish that the government of Indonesia would be unable or unwilling to control the individuals that he fears in light of his mother's testimony that "we have the protection of the police" and that the police protected his church and Catholic school from harm. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel the conclusion that the government was unable or unwilling to control petitioner's harassers). Thus, his asylum claim fails.

In this case, because Tewu did not establish eligibility for asylum, he did not satisfy the standard for withholding of removal. *See id.*

**PETITION FOR REVIEW DENIED.**